William R. Richardson (009278)
**RICHARDSON & RICHARDSON, P.C.**
1745 South Alma School Road
Corporate Center • Suite 100
Mesa, Arizona 85210-3010

Tel.   (480) 464-0600
Fax.   (480) 464-0602
Email. wrichlaw@aol.com
Attorneys for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>**CARRERA MANAGEMENT GROUP, LLC,**<br>　　　　Debtor. | Chapter 11<br><br>2:12-bk-18587-EPB |
| In re:<br>**MICHAEL ERIC CARRERA AND HALLIE JEAN CARRERA,**<br>　　　　Debtors. | 2:12-bk-18588-EPB |
| In re:<br>**KEMPTON & NELSON THERAPY CLINICS, LLC,**<br>　　　　Debtor. | 2:12-bk-18589-EPB |
| In re:<br>**KEMPTON & NELSON DIAGNOSTICS, LLC,**<br>　　　　Debtor. | 2:12-bk-18590-EPB |
| This filing applies to:<br>[  ] All Debtors<br>[ X ] Debtor(s) specified below:<br><br>**CARRERA MANAGEMENT GROUP, LLC** | **NOTICE OF FILING DECLARATION OF MICHAEL ERIC CARRERA IN SUPPORT OF PLAN CONFIRMATION**<br><br>Hearing Date: February 20, 2013<br>Time: 10:00 a.m. |

Notice is hereby given that Debtor has filed a Declaration of Michael Eric Carrera.

///

///

///

**DATED** this ___19th___ day of February, 2013.

              **RICHARDSON & RICHARDSON, P.C.**

              By___/s/ WRR 009278_____
              William R. Richardson
              1745 South Alma School Road
              Corporate Center • Suite 100
              Mesa, Arizona 85210-3010
              Attorneys for Debtors

**ORIGINAL** of the foregoing electronically
filed this ___19th___ day of February, 2013 and a
**COPY** mailed this same date to:

United States Trustee
230 N. First Avenue
Suite 204
Phoenix, AZ 85003-1706

By___/s/ajc_____

F:\DOC\DOC A-K\K\Kempton & Nelson\BK .04 - Carrera Mgmnt Grp\Pleadings\Ch 11 Plan\Ntc Decl Carrera CMG Plan Conf.wpd

# DECLARATION OF MICHAEL ERIC CARRERA
(in support of Carrera Management Group, LLC Plan)

Michael E. Carrera declares, under penalty of perjury, that the following statements are true and correct, and that if called to testify in a proceeding before the United States Bankruptcy Court for the District of Arizona, he would testify as follows:

1. I am the managing member of Carrera Management Group, LLC, the Debtor in administrative case number 2:12-bk-18587-EPB and am authorized to make this Declaration.

2. The information contained herein is based on my personal knowledge and information.

3. This declaration is made for purposes of demonstrating compliance with 11 U.S.C. §1129 where certain claims may be modified even absent approval by the specific creditor.

4. With respect to 11 U.S.C. §1129(a)(1-7) the following is true to the best of my knowledge and information:

   A. The plan complies with the applicable provisions of title 11 of the Bankruptcy Code.

   B. The Debtor has complied with the applicable provisions of title 11 of the Bankruptcy Code as far as I am aware.

   C. The Debtor has proposed the plan in good faith and not by any means forbidden by law.

1

D. All fees paid in connection with the plan for costs and expenses in or in connection with this case have been approved by the court or are subject to court approval.

E. The Debtor has disclosed the identity of those whom it proposes to serve after confirmation of the plan or as a successor to the debtor under the plan in that I, the manager of Carrera Management Group, LLC, will continue to administer its assets and the reorganized estate and there are no other insiders or others who will participate in the implementation of the plan.

F. There is no governmental authority or regulatory commission whose approval must be obtained for purposes of plan confirmation.

G. Each holder of each class of creditors has either approved the plan or will receive or retain under the plan, on account of such allowed claim, property of a value, as of the effective date of the plan that is at least or if not more that would be received in the context of a chapter 7 liquidation proceeding.

H. No elections have been made under 11 U.S.C. §1111(b)(2).

5. The following classes of creditors, including impaired classes have <u>voted in favor of or approved the plan</u>:

A. <u>Class 1A</u>
Richardson & Richardson, P.C. (No vote required)
Not impaired under the Plan

B. <u>Class 5</u> (general unsecured creditors)

C. <u>Class 6</u> (interest holders)

2

6. The following classes have <u>neither approved of the plan nor have they objected to the plan</u>:

    A.    <u>Class 3</u> (Claim 1)
          *Creditor*: Internal Revenue Service
          Not impaired under the Plan

7. The plan as proposed, will generate more for creditors than could be reasonably expected in a chapter 7 liquidation.

8. The plan provides for payment of cash on the effective date of the plan for administrative priority creditors unless such payment is subject to a court order or the creditor has agreed to a different treatment.

9. With respect to classes of creditors with claims specified in 11 U.S.C. §507(a)(1),(a)(4) through (a)(7), such creditors will receive at least deferred cash payments of a value equal to the amount of their claims or cash equal to the amount of such claims for those who have not accepted the plan.

10. With respect to the class of creditors with claims specified in 11 U.S.C. §507(a)(8), such creditor will receive on account of such claim regular payments of cash in installments of a total value, as of the effective date of the plan, equal to the allowed amount of such claim over a period ending not later than five years after the date of the filing of the petition and such payments will be made in a manner at least as favorable than the most favored non priority claim.

11. All impaired classes of creditors who have voted, have accepted the plan.

12. I have analyzed the Debtor's financial situation and have determined that the

3

plan will allow Carrera Management Group to reorganize its affairs without the need for further reorganization in the future.

13. All fees payable under section 1930 of Title 28 have been paid.

14. The Debtor does not owe any retiree benefits and the plan therefore does not require any such payments.

15. The Debtor does not owe any domestic support obligations.

16. More than one class of impaired claims has accepted the plan.

17. The plan does not require any specific transfer of property and all transfers that are to be made in the future are to be made in accordance with applicable law.

18. By paying the amounts to secured creditors under the plan, the holders of such claims will retain their liens to the extent of the value of the individual parcels of property and will receive deferred cash claims totaling at least the amount of each respective creditor's allowed secured claim.

19. The plan does not discriminate unfairly, and was proposed with the intention of being fair and equitable to all creditors.

20. Based on the foregoing, the Debtor respectfully requests that the Court confirm the plan.

Dated this ____19th____ day of February, 2013.

                                                                                   /s/ Michael E. Carrera
                                                                                      Michael E. Carrera